JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN TRANSPORTATION SERVICES INC., *et al.*,<br><br>Defendants. | Case No.: CV 19-09449-CJC(SKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES [Dkt. 9]** |

**I. INTRODUCTION**

Plaintiff Carlos Delgado filed this putative wage-and-hour class action against Defendants Lincoln Transportation Services Inc. ("Lincoln"), Navigator Transport Inc. ("Navigator"), Jose Cardenas ("Jose"), Elizabeth Cardenas ("Elizabeth"), Octavio Beltran, and unnamed Does in Los Angeles County Superior Court. (Dkt. 1 [Notice of Removal, hereinafter "NOR"].) Defendants Lincoln, Jose, and Elizabeth ("Lincoln Defendants") removed to this Court. (*Id.*) Before the Court is Plaintiff's unopposed

motion to remand and for attorney fees. (Dkt. 9 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff filed this action in Los Angeles County Superior Court on March 9, 2018. (Dkt. 9-3 Ex. 1 [Complaint, hereinafter "Compl."].)[2] In the operative Second Amended Complaint ("SAC"), Plaintiff alleges that he was previously employed as a truck driver for Lincoln and Navigator and compensated on a piece-rate basis. (Dkt. 9-3 Ex. 3 [hereinafter "SAC"] ¶ 2.)[3] Defendants allegedly operate a pickup and delivery business with locations across California. (*Id.* ¶ 14.) Jose, Elizabeth, and Beltran are named as owners, directors, officers, managers, and/or agents of Lincoln and Navigator. (*Id.* ¶ 4.) Defendants allegedly committed numerous wage-and-hour violations during Plaintiff's employment. (*See generally id.*) Specifically, Defendants allegedly made unlawful wage deductions, failed to reimburse for business expenses, failed to pay minimum wage, failed to provide meal and rest periods, failed to compensate for meal and rest periods, failed to pay earned wages after separation, and failed to provide accurate itemized wage statements. (*Id.* ¶ 2.)

Based on these allegations, Plaintiff brought suit on behalf of himself and similarly situated current and former employees. In the SAC, Plaintiff asserts eleven causes of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 6, 2020, at 1:30 p.m. is hereby vacated and off calendar.

[2] Plaintiff's request for judicial notice of the pleadings and minute order from the state court case is **GRANTED**. The complaint and order are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201. Lincoln Defendants failed to attach these pleadings to their notice of removal as required by 28 U.S.C. § 1446(a).

[3] Defendant Navigator is named in the SAC and Plaintiff's motion to remand, but it is not listed as a party in the notice of removal. In the SAC, Plaintiff identifies Navigator as a "dissolved California corporation." (SAC ¶ 12.) Counsel for Lincoln Defendants do not claim to represent Navigator.

action for violations of the California Labor Code and California Industrial Welfare Commission wage orders, (*id.* ¶¶ 23–79 [Claims One through Eight]), for violations of California's Unfair Competition Law, (*id.* ¶¶ 80–89 [Claim Nine]), and for civil penalties under California's Private Attorneys General Act, (*id.* ¶¶ 90–118 [Claims Ten and Eleven]). In November 2018, Lincoln Defendants filed an Answer to the SAC. (Dkt. 9-3 Ex. 2.) The case was scheduled to proceed to a jury trial in state court in November 2019. (Dkt. 9-3 Ex. 4 [Superior Court Minute Order Vacating Jury Trial].) On November 1, 2019—three days before the state court trial—Lincoln Defendants filed their notice of removal. (*Id.*; NOR.) They assert that this Court has federal question jurisdiction over the case based on a December 2018 order from the Federal Motor Carrier Safety Administration ("FMCSA" and the "FMCSA Order"). (NOR at 3.) Plaintiff filed the instant motion to remand on December 4, 2019. Lincoln Defendants have failed to file an opposition or notice of non-opposition to Plaintiff's motion.

## III. DISCUSSION

A plaintiff can move to remand to state court based on procedural or jurisdictional defects. *See* 28 U.S.C. § 1447(c). Plaintiff first challenges removal as untimely and then argues that the Court lacks subject matter jurisdiction over this case. The Court considers both arguments in turn to determine whether removal was proper. Concluding it was not, the Court considers whether to award Plaintiff attorney fees.

### A. Untimely Removal

Generally, a defendant must file a notice of removal within thirty days of receiving the initial pleading or after the service of summons. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Plaintiff argues that, even if the FMCSA Order is an "other paper" that made this case removable, Lincoln Defendants' notice of removal was untimely filed nearly one year later. The Notice of Removal does not identify any other document that would make removal timely, and Lincoln Defendants have failed to oppose the instant motion. *See* Local Rule 7-12. The Court therefore agrees that Lincoln Defendants' removal was untimely but cannot grant Plaintiff's motion on this basis.

Untimely removal is a procedural defect. *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992). Under 28 U.S.C. § 1447(c), procedural defects—unlike jurisdictional defects—can only be raised "within 30 days after the filing of the notice of removal." A plaintiff's failure to challenge a procedural defect before this deadline constitutes a waiver, and the deadline is strictly enforced. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995); *Ungureanu v. A. Teichert & Son, Inc.*, 2013 WL 1091279, at *3 n.2 (E.D. Cal. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 2449557 (E.D. Cal. June 5, 2013), *aff'd*, 605 F. App'x 619 (9th Cir. 2015). Lincoln Defendants filed their notice of removal on November 1, 2019, and Plaintiff's deadline to raise procedural defects was Monday, December 2, 2019. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 6(a). By filing the instant motion to remand after this deadline—on December 4, 2019—Plaintiff waived his right to challenge the timeliness of removal. *N. Cal. Dist. Council*, 69 F.3d at 1038; *Ungureanu*, 2013 WL 1091279, at *3 n.2.

Plaintiff likely assumed that his thirty-day window was extended because Lincoln Defendants' notice of removal was served by mail. Under Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after service and service is made under [federal rules providing for, inter alia, service by mail], 3 days are

added after the period would otherwise expire under Rule 6(a)." However, courts in the Ninth Circuit have consistently found that Rule 6(d) does not apply to the thirty-day window set out in 28 U.S.C. § 1447(c). *See Bell v. Arvin Meritor, Inc.*, 2012 WL 1110001, at *1 (N.D. Cal. Apr. 2, 2012) (collecting cases applying this rule in the Ninth Circuit). The motion to remand timeline is triggered when a defendant *files* the notice of removal, and "[b]y its own terms, Rule 6(d) applies only when a party is required to act within a prescribed period after service, not after filing." *Ungureanu*, 2013 WL 1091279, at *3 n.2 (quotations omitted). Accordingly, the Court must **DENY** Plaintiff's motion to remand based on any procedural deficiencies.[4]

### B. Subject Matter Jurisdiction

Plaintiff next argues that the Court lacks subject matter jurisdiction over this case. Jurisdictional defects need not be raised within thirty dates of removal. *See* 28 U.S.C. § 1447(c).

#### 1. <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). Federal courts have subject matter jurisdiction over

---

[4] The Court also cannot consider any procedural defects *sua sponte* more than thirty days after removal. *Maniar*, 979 F.2d at 784. Accordingly, the Court is likely barred from remanding based on other procedural defects, including Lincoln Defendant's failure to obtain timely consent for removal from the other named Defendants. *See id.*; 28 U.S.C. § 1446(b)(2)(A) (unanimity rule); *Atl. Nat. Tr. LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010) (concluding that unanimity rule is procedural, rather than jurisdictional); *Miller v. Nat'l Brokerage Servs., Inc.*, 782 F. Supp. 1440, 1441 (D. Nev. 1991) (finding that plaintiff waived right to challenge removal based on unanimity rule).

cases "arising under" federal law. 28 U.S.C. §§ 1331. Generally, under the "well-pleaded complaint rule," cases arise under federal law only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An exception to the well-pleaded complaint rule occurs "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). In these instances, cases asserting state law claims that fall within the scope of the preemption are removable under 28 U.S.C. § 1441 even though no federal claim expressly appears on the face of the complaint. *See id.* When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

2. <u>Analysis</u>

Lincoln Defendants assert that this Court has subject matter jurisdiction because Plaintiff's claims are preempted by the FMCSA Order. Under 49 U.S.C. § 31141(a), "[a] State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." Based on this authority, the FMCSA Order asserts that California's meal- and rest-break rules ("MRB Rules"), Cal. Lab, Code §§ 226.7, 512, 516; 8 C.C.R. § 11090, are preempted and unenforceable "with respect to drivers of property-carrying [commercial motor vehicles] subject to FMCSA's [Hours of Service ("HOS")] rules." California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, FMCSA Order on Petition for Determination of Preemption, 83 FR 67470-01 (Dec. 28, 2018) [hereinafter "FMCSA Order"] at *67480.

Defendants' federal preemption defense does not appear on the face of the SAC. Accordingly, the mere possibility that it precludes liability is insufficient to confer federal jurisdiction. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Instead, the Court only has subject matter jurisdiction if some or all of Plaintiff's claims are "completely preempted" and "wholly displaced" by federal law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). "This is because the claim purportedly based on . . . [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Valles*, 410 F.3d at 1075 (quotations omitted).

Lincoln Defendants have not established complete preemption. In the notice of removal, they invoke this Court's jurisdiction in vague terms, asserting that "drivers such as plaintiff are not subject to state wage and hour and other state laws and regulations which form the basis of plaintiff's complaint" and that FMCSA "has determined that these laws are preempted by federal law." (NOR at 3.) They have not specified which of Plaintiff's claims are barred by the FMCSA Order or why these claims are *completely* preempted. Lincoln Defendants have also failed to address issues raised in Plaintiff's motion to remand. Plaintiff argues that the FMCSA Order does not apply to his claims because it only covers carriers subject to FMCSA Hours of Service rules ("HOS rules"). *See* 49 C.F.R. 395.3. As relevant here, the HOS rules—and, therefore, the FMCSA Order—do not apply to local or "short-haul" motor carriers. 49 C.F.R. 395.1(e).[5] Lincoln Defendants have not addressed this limitation.

---

[5] The short-haul designation depends in part on the air-mile radius of the carrier's "normal work reporting location." *See* 49 C.F.R. 395.1(e). The SAC does not indicate whether Plaintiff would qualify as a short-haul carrier.

The test for "complete preemption" is demanding, and Lincoln Defendants have not shown that it is satisfied here. *See In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005) (explaining that "[t]he Supreme Court has construed only three federal statutes to so preempt their respective fields as to authorize removal of actions seeking relief exclusively under state law"). Accordingly, the Court finds that they have not carried their burden of establishing federal jurisdiction. Moreover, under this Court's Local Rules, Defendant's failure to oppose Plaintiff's motion to remand "may be deemed consent to the granting . . . of the motion." *See* Local Rules 7-9, 7-12. For both reasons, the Court **GRANTS** Plaintiff's motion to remand.

### C. Attorney Fees

Plaintiff requests an award of attorney fees for filing this motion. Congress authorized courts remanding cases to state court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court explained that courts should award fees under this section "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff argues that the Lincoln Defendants had no "objectively reasonable basis" for filing their notice of removal after the statutory deadline. Because Plaintiff waived this procedural defect, the Court is hesitant to grant attorney fees on this basis.

However, the Court also has authority to impose attorney fees for a party's failure to comply with Local Rules "if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order." Local Rule 83-7; *see also* Local Rules 7-12–7-13. Lincoln Defendants violated Local Rule 7-9 by failing to file an opposition or notice of non-opposition to Plaintiff's motion to remand, which was due on or before December 16, 2019. Based on their conduct, the Court is forced to conclude

that they acted in bad faith. First, Lincoln Defendants removed this case on the eve of the state court trial and after the statutory deadline for removal. 28 U.S.C. § 1446(a). They subsequently violated the federal removal statute by failing to get timely consent from the other named Defendants and by failing to attach the relevant pleadings. *See id.* They also violated several Local Rules by failing to file a notice of interested parties or a civil cover sheet. (Dkt. 3 [Notice of Deficiencies in Attorney Case Opening]); *see* Local Rules 3-1, 7-1. Finally, by ignoring the instant motion, Lincoln Defendants have shown that they are unprepared to justify their invocation of federal jurisdiction.

As the Supreme Court explained, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140. The Lincoln Defendants' conduct suggests that they intended to cause such a delay and acted in bad faith. The Court does not take this conduct lightly. Indeed, "nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). Based on Lincoln Defendants' violations of Local Rules, the Court **GRANTS** Plaintiff's motion for attorney fees.

Plaintiff requests $3,540 in fees, representing 7.05 hours of work at $800 per hour for lead counsel Stephen Glick and $450 per hour for his associate attorney. The Court finds that the hourly rates and the time spent are reasonable, and will award the requested amount.

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand and for attorney fees is **GRANTED**. Plaintiff is **AWARDED** $3,540 in attorney fees. This case is hereby **REMANDED** to Los Angeles County Superior Court.

DATED: December 27, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE